

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 8, 1964

Honorable Walter E. Wilson
County Attorney
Ector County Courthouse
Odessa, Texas

Attention: Michael D. Earney,
Assistant

Opinion No. C-237

Re: Whether the proposed Ector
County Juvenile detention
facilities meet the statu-
tory requirements of Arti-
cles 2338-1 and 5115 of
Vernon's Civil Statutes,
as being separate and
apart from adults, and as
being suitably segregated,
and related question.

Dear Sir:

Your request for opinion on the above subject matter
indicates that a new jail for juveniles and women prisoners
has been constructed in Ector County. The Commissioners' Court
has not yet accepted the facilities from the contractor since
there is some doubt as to whether the structural design of the
building meets the requirements of the applicable statutes.

Briefly the design of the jail is as follows: The
juvenile boys, juvenile girls and women's detention facilities
are all located in one cell block. The cell block is similar
to a cage, surrounded on three sides with steel bars and on
the fourth, solid steel doors which serve as entrances to the
padded and maximum security cells. The cell block itself has a
concrete ceiling, which ceiling does not extend to the ceiling
of the larger room in which the cell block itself is located.
An open corridor extends around the cell block on those three
sides surrounded by steel bars, and inside the cell block a
corridor in the shape of a "T" separates the cell block into
three cell areas, one for juvenile girls, one for juvenile boys,
and one for adult women. Doors constructed of steel bars lead
from the corridor to the respective cell areas outlined above.

Your request contains the following questions:

"(1) Do the proposed Ector County Juvenile
detention facilities meet the statutory require-
ments of Arts. 2338-1, Sec. 17 and 5115, V.A.C.S.
as being separate and apart from adults and the
suitable segregation of males and females?

"(2)  In the event that the proposed facilities do not meet the requirements of Arts. 5115 and 2338-1, V.A.C.S., would the proposed alterations cause such facilities to meet the requirements of Arts. 5115 and 2338-1, V.A.C.S.?"

Section 17 of Article 2338-1 of Vernon's Civil Statutes, states as follows:

"Sec. 17.  No female person over the age of ten (10) years and under the age of eighteen (18) years, or any male person over the age of ten (10) years and under the age of seventeen (17) years, shall be placed or committed to any compartment of any jail or lock-up in which persons over juvenile age are incarcerated or detained; but shall be placed in a room or ward separate and apart from that occupied by adults.  The proper authorities of all counties shall provide suitable place of detention for such juveniles separate and apart from any jail or lock-up in which adults are confined.  Said detention place may be in the same building housing adults, or in a building separate and apart from that where adults are confined."

Article 5115 states in part as follows:

".  .  ."

"The term 'safe and suitable jails,' as used in this Act, shall be construed to mean jails which provide adequate segregation facilities by having separate enclosures, formed by solid masonry or solid metal walls, or solid walls of other comparable material, separating witnesses from all classifications of prisoners; and males from females; and juveniles from adults; . . ."  (Emphasis added).

The detention facilities as now constructed do not meet the statutory requirements as set out above.  Separate enclosures formed by solid masonry or solid metal walls do not separate the three classes of prisoners detained therein.  Through the steel bars prisoners in any part of the cell block may freely converse and in some instances see prisoners in other parts.

The suggested alterations as evidenced by Sketch No. 4 include dividing the open area above the cell block and the jailer's walk-around into 4 separate compartments.  You propose to

accomplish this as follows:

"(a)  Attaching sheet steel on top of the ceiling of the cell block on a line with the north edge of the cross of the internal 'T'-shaped corridor, extending and attached to the solid masonry walls on the East or West.  Such steel wall would extend from the top of the ceiling of the cell block to the ceiling of the main room.  (Line B)

"(b)  The erection of a steel wall extending from the north wall of the main room to the south wall of the main room on a line over the steel security door located at the south end of the cell block.  Such steel wall would extend from the top of the ceiling of the cell block to the ceiling of the main room.  (Line C)

"(c)  Attachment of the steel wall to the frame of the steel security door at the south end of the cell block.  (Line A)

"(d)  Placement of a solid steel security door and frame on the east side of the cell block, attached to the steel wall at the south edge of the women's sleeping room and the new steel wall extending across the top of the cell block and the east wall of the main room.  (Line A)

"(e)  Installation of a solid steel security door and frame on the west side of the cell block, attached to the steel wall on the south edge of the juvenile girls' sleeping room and the new steel wall extending across the top of the cell block.  (Line A)"

We have concluded that after the alterations are made, the detention facilities will meet the requirements of Articles 2338-1 and 5115.  Four separate compartments would then be formed, each of which is completely enclosed by either solid steel or solid masonry walls.

## SUMMARY

The detention facilities as described in your letter for juvenile boys, juvenile girls and women prisoners in Ector County do not meet the requirements of Articles 2338-1 and 5115, Vernon's Civil

Statutes, as separate enclosures formed by solid masonry or solid steel do not separate the three classes of prisoners.

The proposed alterations will result in separate compartments for the three classes of prisoners, each of which is completely enclosed by either solid steel or masonry walls and will therefore meet the requirements of the statutes above.

Very truly yours,

WAGGONER CARR
Attorney General

By Fred D. Ward
Assistant

FDW:mkh:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Lloyd Martin
Howard Fender
Robert Smith
Jerry Brock

APPROVED FOR THE ATTORNEY GENERAL

BY:  Stanton Stone